# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLEVE WALLACE, individually,<br>QUINTIN WALLACE, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF NORTH LAS VEGAS; NORTH LAS<br>VEGAS POLICE DEPARTMENT, a political<br>subdivision of the STATE OF NEVADA;<br>OFFICER SANTOS; OFFICER JACKSON;<br>OFFICER CORDOVA, individually and in their<br>capacity as police officers employed by the City<br>of North Las Vegas Police Department; Doe<br>Officers IV through X, inclusive and JOHN<br>DOES I through X, inclusive,<br><br>      Defendants. | Case No. 2:10-cv-01660-LDG-LRL<br><br>**ORDER** |

Plaintiffs Cleve Wallace and Quintin Wallace brought this action against Defendants, City of North Las Vegas (City), North Las Vegas Police Department (Police Department), officers Santos, Jackson and Cordova, and various unidentified persons and corporations. Plaintiffs seek compensatory and punitive damages based on alleged violations of federal and state law. Plaintiffs allege violations of Fourth and Fourteenth Amendment rights, violations of civil rights under 42 U.S.C. § 1983, municipal liability under § 1983, assault, battery, intentional infliction of emotional distress, conspiracy, and other miscellaneous claims.

## I. Analysis

Defendants' motion to dismiss challenges whether Plaintiffs' Complaint states "a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint does not require detailed factual allegations, it must contain more than a "formalistic recitation of the elements of a cause of action." *Id*. at 555. That is, "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. In deciding whether factual allegations state a claim, the court accepts those allegations as true. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleading in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

**A. Plaintiffs' Claims Against the Police Department**

The Police Department argues that it is not a separate legal entity and not subject to suit and should therefore be dismissed from the suit. State law determines whether a department of a municipality may sue or be sued. Fed. R. Civ. P. 17(b); *see, e.g.*, *Streit v. Cnty. of L.A.*, 236 F.3d 552, 565 (9th Cir. 2001). The Police Department is a department of the City and "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (citing 64 C.J.S Municipal Corporations § 2195 (1950)); *see Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998). Plaintiffs have not identified any statutory authority that permits the Department to be sued, and the court is unaware of any such authority. Thus, the Police Department is dismissed.

**B. Plaintiffs' Claims Against the City**

The City argues that Plaintiffs have failed to establish facts supporting municipal liability. A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, liability may arise where the execution of its policy or custom inflicts the injury. *Id*. Further, inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to

deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In determining a motion to dismiss for failure to state a claim, it is sufficient for a plaintiff to generally allege that there is a municipal policy, "even if the claim is based on nothing more than a bare allegation that the individual officers' [sic] conduct conformed to official policy, custom, or practice." *Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986).

Here,  Plaintiffs allege that "[t]he failure to provide adequate training and supervision amounts to deliberate indifference which was a proximate cause of Plaintiffs' injuries." Compl. ¶¶ 22, 27. While this is a bare allegation, such is sufficient to state a claim. *Shah*, 797 F.2d at 747. Accordingly, Defendants' motion to dismiss regarding Plaintiffs' second cause of action is denied.

**C. Plaintiffs' Claims Against Defendant Officers**

Plaintiffs, in several causes of action, confusingly name 'Defendant Officers' as having collectively committed acts attributed to them independently in the factual allegations. Defendants apparently concede that Cleve Wallace sufficiently alleged claims against officer Santos. Defendants, however, have moved to dismiss all other claims alleged against individual defendant officers. Thus, the alleged violations will be evaluated separately as they pertain to all claims against officer Jackson and Quintin Wallace's claims against officer Santos.

**i. Alleged Violations of 42 U.S.C. § 1983**

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Shah*, 797 F.2d at 747.

3

The Act also requires an actual connection or link between the conduct of the defendant and the alleged unconstitutional deprivation. *See Monell*, 436 U.S. 658; *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983 if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiffs' Complaint alleges that officer Jackson was dispatched to the scene of the incident and received information from a third party regarding an alleged battery. Compl. ¶¶ 9, 12. The only other mention of officer Jackson states that "QUINTIN WALLACE went outside the PEPBOYS building and *tried* to communicate with Defendants . . . SANTOS, JACKSON and CORDOVA." Compl. ¶ 19 (italics added). Plaintiffs, however, fail to allege any actual connection or link between the conduct of officer Jackson and the claimed deprivations. Accordingly, any claims against officer Jackson made under § 1983 are dismissed.

### a. Fourth and Fourteenth Amendment Violations

Plaintiffs' first and third causes of action assert claims for violations of Fourth and Fourteenth Amendment rights. The Complaint is vague, but Plaintiff appears to assert a claim of excessive force. Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001). The use of a taser can amount to an unreasonable seizure. *See Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010); *Bryan v. Macpherson*, 630 F.3d 805 (9th Cir. 2010). The complaint states that a third officer tased Quintin Wallace but fails to mention any interaction between Quintin and officer Santos. In so doing, Quintin Wallace fails to allege an actual connection or link between the conduct of officer Santos and the claimed deprivations under this cause of action. Accordingly, Quintin Wallace's Fourth and Fourteenth Amendment violation claims against officer Santos are dismissed.

**b. Eighth Amendment Violation**

Plaintiffs' third cause of action asserts a claim for the wanton and malicious infliction of pain. Although the complaint lists the cause of action as a violation under the Fourth and Fourteenth Amendments, language of 'wanton and malicious infliction of pain' suggests a cause of action under the Eighth Amendment's prohibition of cruel and unusual punishment. However, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The Eighth amendment has no application here because Plaintiffs do not allege a formal adjudication of guilt. Furthermore, claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham*, 490 U.S. at 395. Plaintiffs' first cause of action sufficiently alleges a claim under such analysis. Accordingly, any Eighth Amendment violation claims are dismissed.

**c. Immunity**

Defendants urge this court to dismiss Plaintiffs' federal law claims on the basis of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "If an officer's use of force was 'premised on a reasonable belief that such force was lawful,' the officer will be granted immunity from suit, notwithstanding the fact excessive force was deployed." *Bryan v. MacPherson*, 630 F.3d 805, 832 (9th Cir. 2010) (quoting *Deorle v. Rutherford*, 272 F.3d 1272,

5

1285 (9th Cir. 2001)). The use of a taser can amount to unreasonable seizure under the Fourth

Amendment. *See Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010); *Bryan v. Macpherson*,

630 F.3d 805 (9th Cir. 2010). Assuming that such a right was established at the time of the alleged

incident, Defendants are barred from asserting qualified immunity. Further, Plaintiffs' complaint

alleges Defendants conspired to knowingly violate these rights. Taking the factual allegations as

true, Defendants would be not entitled to qualified immunity. Accordingly, Defendants' motion to

dismiss Plaintiffs' federal law claims based on qualified immunity is denied.

**ii. Alleged Violations of State Law**

    **a. Assault**

    Plaintiffs' fourth cause of action asserts a claim for assault. "To establish an assault claim,

a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and

(2) the victim was put in apprehension of such contact." Restatement (Second) of Torts § 21

(1965); *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1270 (D. Nev. 2001). Plaintiffs simply allege that

officer Jackson was present at the scene of the accident and received information about an alleged

battery. *See* Compl. ¶¶ 9-23. As such, Plaintiffs' claims against officer Jackson contain no more

than a formalistic recitation of the elements of a cause of action. Similarly, Plaintiff Quintin

Wallace fails to allege any facts supporting a cause of action against officer Santos. Accordingly,

Plaintiffs' assault claims against officer Jackson are dismissed, and Quintin Wallace's assault

claims against officer Santos are dismissed.

    **b. Battery**

    Plaintiffs' fifth cause of action asserts a claim for battery against Defendant Officers. "To

establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or

offensive contact, and (2) offensive contact occurred." Restatement (Second) of Torts §§ 13, 18

(1965); *Burns*, 175 F. Supp. 2d at 1270. Plaintiffs do not allege that Officer Jackson made any

harmful or offensive contact. Plaintiff Quintin Wallace fails to allege any facts suggesting that he

had any contact with officer Santos. Accordingly, Plaintiffs' battery claims against officer Jackson are dismissed, and Quintin Wallace's battery claims against officer Santos are dismissed.

### c. Intentional Infliction of Emotional Distress

Plaintiffs' sixth cause of action asserts a claim for intentional infliction of emotional distress. To establish a cause of action for intentional infliction of emotional distress, the plaintiff must establish the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiffs having suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981). "[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quoting California Book of Approved Jury Instructions No. 12.74). Plaintiffs allege that the tasing was extreme (malicious) and outrageous and that the defendant officers acted intentionally. Plaintiffs further allege they suffered extreme humiliation, mental anguish and physical and mental distress as a proximate cause of being tased. Plaintiffs, however, do not allege that Officer Jackson participated in the tasing, nor does Quintin Wallace allege facts supporting a cause of action against officer Santos. Accordingly, Plaintiffs' intentional infliction of emotional distress claims against officer Jackson are dismissed, and Quintin Wallace's intentional infliction of emotional distress claims against officer Santos are dismissed.

### d. Conspiracy

Plaintiffs' seventh cause of action asserts a claim for civil conspiracy. Civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (citations omitted). The allegations sufficiently claim that the Defendants (more than two) agreed (acted in concert) to act unlawfully (violate constitutional rights, etc.). Accordingly,

7

1   Defendants' motion to dismiss concerning Plaintiffs' seventh cause of action is denied.

2   **e. Miscellaneous Claims**

3   Plaintiffs' eighth cause of action states, "[t]he acts and conducts of Defendants alleged in

4   the above stated cause of action constitute intentional infliction of emotional distress, outrageous

5   conduct, invasion of privacy, negligence, gross negligence, and negligent training, retention, and

6   supervision under the laws of the State of Nevada." The 'above stated cause of action' refers to

7   Plaintiffs' claim of conspiracy to commit civil rights violations and torts. Plaintiffs have not

8   identified any authority citing conspiracy as proper grounds for the claims above, and the court is

9   unaware of any such authority. Further, insofar as Plaintiffs allege negligent hiring, retention, and

10  supervision, Plaintiffs' claims are barred by discretionary immunity. *Vickers v. United States*, 228

11  F.3d 944, 950 (9th Cir. 2000). Accordingly, all claims under Plaintiffs' eighth cause of action are

12  dismissed.

13                                  **II. Conclusion**

14  For the reasons stated herein,

15  THE COURT HEREBY ORDERS the Defendants' motion to dismiss (#5, Opp'n #6,

16  Reply #7) is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss (1) all

17  claims against North Las Vegas Police Department, (2) Plaintiffs' first, third, fourth, fifth, sixth,

18  and eighth causes of action with respect to Plaintiffs' claims against officer Jackson, and (3)

19  Quintin Wallace's claims against officer Santos is granted. Defendants' motion to dismiss is

20  denied in all other respects.

21

22

23  DATED this ___19___ day of July, 2011.

24

25                                                          _____
                                                            Lloyd D. George
26                                                          United States District Judge

                                        8